Marcus M. Whitney, Executor, Appellee, v. Chicago Railways Company and The City of Chicago. On Appeal of City of Chicago, Appellant.

Gen. No. 18,963.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 17, 1914.

## Statement of the Case.

Action by Marcus M. Whitney, executor of the estate of Fred A. Whitney, deceased, against Chicago Railways Company and the City of Chicago for the death of plaintiff's intestate, Fred A. Whitney, due to the front wheel of a wagon on which he was riding sinking in a hole or rut in a public street about two feet from

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the tracks of defendant Street Railway Company. The court directed a verdict in favor of the Railways Company and the jury returned a verdict for fifteen hundred dollars in favor of plaintiff against defendant City, from which it appeals.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant.

DAVID R. LEVY, of counsel.

CHARLES I. BARKER and BOLTON, MORIARTY & WILLIAMS, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 44*—*liability for injury due to holes in street*. Where a person riding on a truck driven by another was killed as the result of the front wheel of the truck dropping into a hole or rut located in a public street about two feet from the tracks of a street railway company, in an action against the City and the Street Railway Company a verdict in favor of the latter was *held* to have properly been directed.

2. DEATH, § 63*—*when verdict for more than nominal damages proper*. In an action for wrongful death, evidence that decedent was survived by four brothers and a sister, that the latter was a widow and for the last two or three years of his life decedent had resided with her, paying her for board, assisting her in buying clothing, giving her money and otherwise aiding her, was *held* to support a verdict for more than nominal damages.

3. DEATH, § 21*—*proximate cause*. Where, as the result of an accident, decedent suffered a splintered fracture involving the upper two-thirds of the femur bone, death following sixteen days afterwards, according to the surgeon's testimony, as the immediate result of hypostatic pneumonia due to the shock of the accident, the shock of the operation on the splintered bone, the ether which was necessarily used in the operation and the enlargement of blood vessels induced by the dependent or recumbent position which

decedent was obliged to assume because of the injury and the operation, it was *held* that the proof tended to establish the accident as the proximate cause of death.

4. APPEAL AND ERROR, § 1463*—*when refusal to strike evidence harmless.* Error in refusing to strike out testimony of a physician, based on hearsay, that decedent was in good health prior to the accident, is harmless where it was not claimed that decedent was in bad health prior to the accident and his good health was shown by other competent evidence.